IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02873-NRN

S.K.H.,

Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

Defendant.

**OPINION AND ORDER**

**N. Reid Neureiter**
**United States Magistrate Judge**

The government determined that Plaintiff S.K.H.[1] was not disabled for purposes of the Social Security Act. AR[2] 133. Plaintiff has asked this Court to review that decision. The Court has jurisdiction under 42 U.S.C. § 405(g), and both parties have agreed to have this case decided by a United States Magistrate Judge under 28 U.S.C. § 636(c). Dkt. #7.

**Standard of Review**

In Social Security appeals, the Court reviews the decision of the administrative law judge (ALJ) to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *See Pisciotta v. Astrue,*

---

[1] Pursuant to D.C.COLO.LAPR 5.2, "[a]n order resolving a social security appeal on the merits shall identify the plaintiff by initials only."

[2] All references to "AR" refer to the sequentially numbered Administrative Record filed in this case. Dkt. ##6, and 6-1 and 6-2.

500 F.3d 1074, 1075 (10th Cir. 2007). "Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Raymond v. Astrue*, 621 F.3d 1269, 1271–72 (10th Cir. 2009) (internal quotation marks omitted). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes a mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The Court "should, indeed must, exercise common sense" and "cannot insist on technical perfection." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

      The Court cannot reweigh the evidence or its credibility. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). However, it must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d, 1067, 1070 (10th Cir. 2007). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

**Background**

At the second step of the Commissioner's five-step sequence for making determinations,[3] the ALJ found that Plaintiff has the severe impairments of atrial fibrillation, asthma, chronic obstructive pulmonary disease (COPD), lumbar spondylosis, and obesity. AR 125. The ALJ determined at step three that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in the regulations. AR 125–26. After the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets the severity of the listed impairments, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform

> sedentary work as defined in 20 CFR 404.1567(a) except that he can never climb ladders, ropes, and scaffolds; can occasionally climb stairs and ramps; can occasionally stoop, kneel, crouch, and crawl; must avoid all exposure to fumes, odors, dusts, gases, and poor ventilation, as well as hazards such as unprotected heights and machinery with unguarded moving mechanical parts; and must avoid all exposure to extreme cold in the workplace.

AR 126.

---

[3] The Social Security Administration uses a five-step sequential process for reviewing disability claims. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). The claimant has the burden of proof through step four; the Social Security Administration has the burden of proof at step five. *Lax*, 489 F.3d at 1084.

The ALJ found that Plaintiff is able to perform his past relevant work as a check cashier. AR 132. Accordingly, Plaintiff was deemed not to have been under a disability from May 1, 2019, through January 27, 2022, the date of the decision. AR 132–33.

## Analysis

Plaintiff argues that the finding of non-disability should be reversed on two grounds. First, Plaintiff contends that the ALJ failed to address his documented cardiomyopathy and hypertension, and therefore the RFC, which did not contain related limitations, was not supported by substantial evidence. Second, Plaintiff argues that the ALJ's credibility assessment was deficient.

**I. The ALJ's Evaluation Plaintiff's Cardiomyopathy and Hypertension**

Plaintiff first argues the ALJ erred at step two by failing to discuss whether his cardiomyopathy and hypertension were medically determinable or severe. In turn, this caused errors at the later steps of the sequential evaluation, including an inaccurate RFC finding and a finding that Plaintiff can perform his past relevant work.

As an initial matter, Plaintiff claims that the ALJ owed him a heightened duty because he was not represented by counsel on his appeal.

> The ALJ has a basic obligation in every social security case to ensure that an adequate record is developed during the disability hearing consistent with the issues raised. This is true despite the presence of counsel, although the duty is heightened when the claimant is unrepresented. The duty is one of inquiry, ensuring that the ALJ is informed about facts relevant to his decision and learns the claimant's own version of those facts.

*Cowan v. Astrue*, 552 F.3d 1182, 1187 (10th Cir. 2008) (quoting *Henrie v. U.S. Dep't of Health & Human Servs.,* 13 F.3d 359, 360–61 (10th Cir.1993)). Here, Plaintiff does not argue that the record was not fully developed. Instead, he asserts that the ALJ erred in considering the evidence and evaluating Plaintiff's limitations. For the reasons stated

4

below, the Court disagrees with this assertion and finds that the ALJ satisfied his duty of inquiry. Therefore, the fact that Plaintiff was unrepresented does not affect the Court's analysis of the ALJ's findings.

Turning to the substance of Plaintiff's step two challenge, at this step, the Commissioner determines whether a claimant has any severe physical or mental impairments. *See Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). "To find a 'severe' impairment at step two requires only a threshold showing that the claimant's impairment has 'more than a minimal effect on [her] ability to do basic work activities.'" *Covington v. Colvin*, 678 F. App'x 660, 664 (10th Cir. 2017) (quoting *Williams*, 844 F.2d at 751). Plaintiff bears the burden of establishing a severe medically determinable impairment at step two. 20 C.F.R. § 404.1520(a)(4)(ii). "The step two severity determination is based on medical factors alone, and does not include consideration of such vocational factors as age, education, and work experience." *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003) (citation and internal quotation marks omitted). While this showing is de minimis, Plaintiff must do more than show the mere presence of a condition or ailment. *See Rabon v. Astrue*, 464 F. App'x 732, 734 (10th Cir. 2012); *see also* SSR 85–28, 1985 WL 56856 at *3 (providing that a step-two finding of "non-severe" impairment is only to be made where "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered"). Plaintiff must proffer medical evidence, consisting of "signs, symptoms, and laboratory findings," demonstrating a physical impairment resulting from "anatomical, physiological, or

5

psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508. "[I]f the medical severity of a claimant's impairments is so slight that the impairments could not interfere with or have a serious impact on the claimant's ability to do basic work activities, irrespective of vocational factors, the impairments do not prevent the claimant from engaging in substantial gainful activity." *Id.* (citing *Williams*, 844 F.2d at 751).

Here, the ALJ found at step two that Plaintiff's atrial fibrillation was a severe impairment but did not discuss his cardiomyopathy and hypertension. Plaintiff plainly was diagnosed with both conditions. *See, e.g.,* AR 391–92, 396–97; 411; 414; 421; 426–28; 430–31; 434–35; 520–21; 531–32; 552–53.

However, even if the ALJ erred by failing to find Plaintiff's cardiomyopathy and hypertension to be impairments, such error does not necessarily require reversal. It is settled law in the Tenth Circuit that "[o]nce the ALJ finds that the claimant has *any* severe impairment, [she] has satisfied the analysis for purposes of step two. His failure to find that additional alleged impairments are also severe is not in itself cause for reversal." *Hill v. Astrue*, 289 F. App'x 289, 292 (10th Cir. 2008) (unpublished) (emphasis in original) (citing *Oldham v. Astrue*, 509 F.3d 1254, 1256–57 (10th Cir. 2007)). Here, the ALJ did find that Plaintiff had severe impairments, including atrial fibrillation, and proceeded on to steps three through five.

In discussing the RFC, the ALJ noted that Plaintiff "has heart failure, which he said 'brings on my cold, freezing [body] temperature.' 'I think that's the last phase of heart failure.'" AR 127. The ALJ related that in June 2019, Plaintiff "was noted to have chronic atrial fibrillation, lower extremity edema, and secondary cardiomyopathy." AR

6

128. Similarly, the ALJ mentioned that hypertension was included in Plaintiff's problem list during a January 2021 medical visit. AR 129. And, as the Commissioner points out, notes from Plaintiff's February 5, 2020 echocardiogram list his atrial fibrillation, hypertension, and secondary cardiomyopathy together as "associated diagnoses," AR 407, and there is no question that the ALJ considered atrial fibrillation in determining Plaintiff's limitations. Thus, the ALJ did consider these impairments when formulating the RFC. Plaintiff admits as much. *See* Dkt. #12 at 10. Thus, any failure to mention them at step two is harmless.

Plaintiff objects that his cardiomyopathy and hypertension cause work-related limitations that are not accounted for in the RFC. Specifically, he argues that these conditions would lead to additional off-task time, especially due to his low body temperature. Plaintiff's position is not supported by the record. Plaintiff's medical records, cited by the ALJ in his decision, indicate that his cardiomyopathy was asymptomatic and his hypertension "well-controlled." AR 396–97, 434–35. Plaintiff does not explain how these asymptomatic and well-controlled conditions caused greater limitations than those found by the ALJ. Indeed, the record contains no opinion from a medical professional that Plaintiff had greater limitations than those found by the ALJ, and the ALJ's RFC was even more limited than those of the consulting examiner and state agency physicians.

Moreover, the ALJ explained that Plaintiff's treating providers did not express medical concerns about his lower-than-normal body temperature, nor does the record describe which, if any, of his diagnosed conditions caused them. Plaintiff asks the Court

7

to revisit this determination. This is essentially an invitation to reweigh the evidence, which the Court cannot do.

In short, the ALJ's failure at step two to discuss Plaintiff's cardiomyopathy and hypertension is harmless because the ALJ considered these impairments, along with the associated and severe impairment of atrial fibrillation, at step three. And Plaintiff has not demonstrated that the ALJ's finding that Plaintiff can perform a reduced range of sedentary work is not supported by substantial evidence.

## II. The ALJ's Credibility Determination

Under SSR 16-3p, the ALJ is required to

> explain which of an individual's symptoms [the ALJ] found consistent or inconsistent with the evidence in his or her record and how [the ALJ's] evaluation of the individual's symptoms led to [the ALJ's] conclusions. [The ALJ] will evaluate an individual's symptoms considering all the evidence in his or her record.

2017 WL 5180304, at *8 (Oct. 25, 2017). In evaluating a claimant's symptoms, it is not enough for an ALJ "to make a single, conclusory statement that 'the individual's statements about his or her symptoms have been considered' or that 'the statements about the individual's symptoms are (or are not) supported or consistent.'" *Id.* at *10. Rather, "[t]he determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.*; *see also Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) ("Findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.").

8

Under this rubric, 20 C.F.R. § 404.1529(c)(4) provides the ALJ a framework in evaluating a claimant's own statements concerning his symptoms:

> We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled. We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your medical sources or other persons about how your symptoms affect you.

20 C.F.R. § 404.1529(c)(4) (emphasis added); *see also* SSR 16-3p, 2017 WL 5180304, at *6 ("We will consider an individual's statements about the intensity, persistence, and limiting effects of symptoms, and we will evaluate whether the statements are consistent with objective medical evidence and the other evidence."). If the claimant's statements regarding the intensity, persistence, and limiting effects of his symptoms "are inconsistent with the objective medical evidence and the other evidence, the ALJ must evaluate whether the claimant's "symptoms are less likely to reduce . . . his capacities to perform work-related activities or abilities to function independently, appropriately, and effectively in an age-appropriate manner." *Id.* at *8; *Luthy v. Saul*, No. 17-cv-2206-PAB, 2020 WL 6938300, at *6 (D. Colo. Nov. 25, 2020) (same). So long as the ALJ sets forth the specific evidence he relies upon in evaluating the consistency of the claimant's subjective complaints with other evidence, the ALJ "need not make a 'formalistic factor-by-factor recitation of the evidence.'" *Keyes-Zachary*, 695 F.3d at 1167 (quoting *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)).

Here, the ALJ found that while Plaintiff's impairments could reasonably be expected to cause some of the alleged symptoms his "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent

9

with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 127. He made this finding considering Plaintiff's "many significant activities of daily living" and after reviewing Plaintiff's "treatment records, objective evidence, and clinical findings," which "do not support the severity and frequency of symptoms and the degree of functional deficits and limitations alleged." AR 127–28. The ALJ also noted that the record contained no medical opinions more limiting than his RFC. AR 131.

Plaintiff claims that the ALJ erred by failing to consider his stellar 27-year work history prior to his alleged onset of disability. He cites some authority from this district that an ALJ's failure to consider a claimant's exemplary work history is an error that may require remand. *See Tyson v. Apfel*, 107 F. Supp. 2d 1267, 1270 (D. Colo. 2000) ("[W]here a claimant has a good work history, she is entitled to substantial credibility when she then asserts that she is unable to work."); *Wegner v. Astrue*, 2009 WL 3158129, at *10 (D. Colo. 2009) ("[I]t is error for an ALJ not to consider a claimant's good work history in his analysis of credibility."); *Lloyd v. Colvin*, 2014 WL 503765, at *10 (D. Colo. 2014). However, there is no binding Tenth Circuit authority requiring the ALJ to consider good work history in the credibility analysis. *See Smith v. Kijakazi,* 2022 WL 16541212, at *4 (W.D. Okla. Oct. 28, 2022) (citing *Bell v. Cooks*, 645 F. App'x 608 (10th Cir. 2016)), and *Stokes v. Astrue*, 274 F. App'x 675 (10th Cir. 2008), as two occasions where the Tenth Circuit had the opportunity to establish such a bright line rule and declined to do so). And in one of the cases cited by Plaintiff (*Lloyd v. Colvin*), Judge R. Brooke Jackson expressly recognized that "[w]ork history is not a

10

determinative factor, but if it is to be considered, it should be considered accurately." 2014 WL 503765, at *9.

In this case, the ALJ did not, and was not required to, specifically consider Plaintiff's work history in making a credibility/consistency assessment. Rather, the "only question this court must answer is whether the ALJ's determination that [Plaintiff's] allegations of disabling pain were not credible was closely and affirmatively linked to evidence that a reasonable mind might accept as adequate to support that conclusion." *Stokes*, 274 F. App'x at 686. Keeping in mind the principle that "[c]redibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence," *Kepler*, 68 F.3d at 391 (internal quotation and citation omitted), the Court finds that the ALJ's credibility analysis was appropriate, as Plaintiff's "work effort does not overwhelm the evidence the ALJ relied on, as required . . . to conclude that his credibility finding is not supported by substantial evidence." *Shockley v. Colvin*, 564 F. App'x 935, 943 (10th Cir. 2014).

## Conclusion

For the reasons set forth above, the Commissioner's decision is **AFFIRMED.** Plaintiff's Complaint (Dkt. #1) is **DISMISSED**.

Dated this 13th day of July, 2023

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge

11